**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| BRANDON M. HENRY, <br>     Plaintiff, | No. 3:26-cv-164 (SRU) |
| v. | |
| WARDEN GUADAMAMA, *et al.*, <br>     Defendants. | |

**INITIAL REVIEW ORDER**

*Pro se* plaintiff Brandon M. Henry ("Henry")[1] is currently in Connecticut Department of

Correction ("DOC") custody at the MacDougall-Walker Correctional Institution ("MacDougall-

Walker CI").  Construing Henry's complaint liberally, he brings Eighth Amendment deliberate

indifference claims against Warden Guadarrama,[2] Lieutenant Milner, and two unnamed

correctional officers (collectively, the "Defendants").  *See* Compl., Doc. No. 1 at 4.

For the following reasons, Henry may pursue his Eighth Amendment deliberate

indifference claims against Lieutenant Milner and John Doe 1.  All other claims are **dismissed,**

and all other defendants are **terminated**.

I.     **FACTUAL BACKGROUND**

Below is a summary of the basic factual allegations in Henry's complaint.

---

[1] *See* Conn. Dep't of Corr., Inmate Locator ("DOC Inmate locator"),
https://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=316893 (last accessed Mar. 31, 2026).  I take
judicial notice of that public record.  *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Kelley v.
Quiros*, 2023 WL 1818545, at *2 n.1 (D. Conn. Feb. 8, 2023) (taking judicial notice of state prison website inmate
locator information).

[2] Although Henry lists "Warden Guadamama" as a defendant, the warden of McDougall-Walker CI is Jesus
Guadarrama.  *See* Conn. Dep't of Corr., MacDougall-Walker Correctional Institution,
https://portal.ct.gov/doc/facility/macdougall-walker-ci (last accessed Mar. 31, 2026).  I also take judicial notice of
the publicly listed warden of McDougall-Walker CI and refer to him as "Warden Guadarrama."  *See Mangiafico*,
471 F.3d at 398.

On November 3, 2025, while Henry was housed in the Restrictive Housing Unit ("RHU"), he stepped out of the shower with his hands handcuffed behind his back. *See* Compl., Doc. No. 1 ¶¶ 1-2. Henry slipped and fell, and he sustained a nondescript injury. *Id.* ¶ 3. He alleges his injury would not have happened if the correctional officer who escorted him out of the shower did a "hands on escort" pursuant to DOC policy. *Id.* ¶ 4. Henry also alleges that "slip strips" outside of the showers may have prevented his injury. *Id.* ¶ 5.

Henry states that no one came to his aid as he lay on the ground in pain with his hands cuffed behind his back. *Id.* ¶ 6. Instead, Lieutenant Milner and a correctional officer ("John Doe 1") stood over him laughing and making derogatory comments. *Id.* ¶ 7. He alleges that neither of them called a code despite his injury. *Id.* Henry also claims that a second correctional officer ("John Doe 2") who was in the "bubble" (ostensibly the officer's station), did not call a code. *Id.* ¶ 8.

Henry asserts that Warden Guadarrama tours the facility and is aware of the lack of slip strips. *Id.* ¶ 9. He states that he is not the first to fall due to a lack of slip strips. *Id.*

As relief, Henry requests monetary damages and injunctive relief in the form of installation of slip strips and discipline of the involved officers for their failure to help him. Doc. No. 1 at 5. He also requests that all correctional officers be issued written orders to escort inmates "hands on" when they are removed from the showers. *Id.* Henry does not specify in what capacity he sues the Defendants, but, because he seeks both monetary damages and injunctive relief, I assume he sues them in both their individual and official capacities.

## II.    STANDARD OF REVIEW

Under section 1915A of Title 28 of the United States Code, I must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or

employee of a governmental entity." 28 U.S.C. § 1915A(a). I then must "dismiss the complaint, or any portion of the complaint," if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Dismissal under this provision may be with or without prejudice. *See Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004).

In reviewing complaints under section 1915A, I must construe them "liberally and interpret[] [them] to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (internal quotation marks omitted) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A civil complaint must include sufficient facts to afford defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Further, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Conclusory allegations are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual punishments." U.S. Const. amend. VIII; *Robinson v. California*, 370 U.S. 660, 666-67 (1962). The ban on cruel and unusual punishment "does not mandate comfortable prisons, . . . but neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotation marks and citations omitted). An Eighth Amendment claim related to the conditions of an inmate's confinement, often referred to as a "deliberate indifference" claim, is comprised of objective and subjective elements. *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). Objectively, an inmate must be deprived of a "basic human need[ ]," or be subjected to a

"substantial risk of serious harm" to health or safety. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Farmer*, 511 U.S. at 834. Subjectively, a prison official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

Allegations of "mere negligence" are insufficient to plead a deliberate indifference claim. *Id.* at 835. Moreover, "[t]he Second Circuit has recognized that 'slip-and-fall claims are seldom viewed as rising to constitutional dimension,' but could if 'exceptional circumstances' elevated the danger of a condition beyond that typically 'presented by a slippery sidewalk or a wet floor.'" *Branch v. Guadarrama*, 2024 WL 3342991, at *3 (D. Conn. July 9, 2024) (quoting *McCray v. Lee,* 963 F.3d 110, 115, 120 (2d Cir. 2020)).

I assume for initial review purposes that Henry satisfies the objective prong. With respect to Defendants Guadarrama and John Doe 2, Henry does not allege facts to suggest that they had the requisite knowledge of an excessive risk to Henry's safety. I therefore dismiss Henry's claims against Defendants Guadarrama and John Doe 2. I will, however, allow Henry's deliberate indifference claims to proceed against Defendants Milner and John Doe 1 for further development, particularly because Henry alleges Defendants Milner and John Doe 1 failed to aid him (as was customary) while he was handcuffed behind his back, which may constitute an exceptional circumstance. Henry's deliberate indifference claims against Defendants Milner and John Doe 1 in their individual and official capacities therefore may proceed for further development.

## IV.    CONCLUSION

It is hereby ordered that:

**(1)** The Eighth Amendment deliberate indifference claims against Defendants Milner and John Doe 1 in their individual and official capacities will proceed for further development of the record.

**(2)** The Clerk is directed to correct the name of Warden Guadarrama on the docket, changing "Warden Guadamama" to "Warden Guadarrama."

**(3)** All other claims are dismissed.

**(4)** All other defendants are terminated.

**(5)** Within **twenty-one (21) days** of this Order, the Clerk shall verify the current work addresses of Lieutenant Milner, and mail a copy of the Complaint, this Order, and a waiver of service of process request packet to Lieutenant Milner in his individual capacity at his confirmed address.  On the **thirty-fifth (35th) day** after mailing, the Clerk shall report to the Court on the status of each request.  If Lieutenant Milner fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and Lieutenant Milner shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

**(6)** Within **twenty-one (21) days** of this Order, the U.S. Marshals Service shall serve the summons, a copy of the complaint and this Order on Lieutenant Milner in his official capacity by delivering the necessary documents in person to the Office of the Attorney General, 165 Capitol Ave., Hartford, CT 06106.

**(7)** The Clerk cannot effect service on a Doe defendant without that defendant's full name and current work address.  Henry is directed to obtain this information during discovery and to file a notice containing that information about the Doe Defendant with the court **within 90 days** of this Order.  Once a Doe defendant is identified, the

court will order that he or she be served with a copy of the complaint. Failure to identify a Doe defendant within this time frame will result in the dismissal of all claims against that defendant.

**(8)** Lieutenant Milner shall file a response to the Complaint, either an answer or motion to dismiss, within **thirty (30) days** from the date the Notice of Lawsuit and Waivers of Service of Summons forms are mailed to him or her. If Lieutenant Milner chooses to file an answer, Lieutenant Milner shall admit or deny the allegations and respond to the cognizable claims recited above. Lieutenant Milner may also include all additional defenses permitted by the Federal Rules.

**(9)** Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the Court.

**(10)** All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

**(11)** If Henry changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)(2) provides that Henry MUST notify the Court. Failure to do so may result in the dismissal of the case. Henry must give notice of a new address even if he is incarcerated. Henry should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Henry has more than one pending case, he should indicate all case numbers in the notification of change of address. Henry should also notify Defendants or the attorney for Defendants of his new address.

**(12)**    Henry shall utilize the Prisoner E-filing Program when filing documents with the Court.  Henry is advised that the Program may be used only to file documents with the Court.  Local Court Rule 5(f) provides that discovery requests are not to be filed with the Court.  Therefore, discovery requests must be served on Defendants' attorney by regular mail.

**(13)**    The Clerk shall immediately enter the District of Connecticut Standing Order Re: Initial Discovery Disclosures concerning cases initiated by self-represented inmates and shall send a copy of the Standing Order to the parties.

**(14)**    The Clerk shall send a courtesy copy of the complaint and this order to the Connecticut Attorney General and the DOC Legal Affairs Unit.

So ordered.

Dated at Bridgeport, Connecticut, this 31st day of March 2026.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

7